IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRELANE HUGH HUNTER,  CV. 05-1712-MO

    Plaintiff,  ORDER TO DISMISS

  v.

MULTNOMAH COUNTY DETENTION CENTER, JUDGE JEAN KERR MAURER, and ATTORNEY LYNNE DICKISON,

    Defendants.

MOSMAN, District Judge.

Plaintiff, an inmate at the Multnomah County Detention Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

///

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that his criminal defense attorney, defendant Dickison, performed inadequately in her defense of him, thus allowing Judge Maurer to impose an unlawful sentence against him in violation of his Eighth and Fourteenth Amendment rights. He seeks monetary compensation for his allegedly wrongful incarceration, his lost wages, and the emotional distress he suffered.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

> (B) the action . . .
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73

(1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989).  In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party.  Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies.  McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

Plaintiff principally brings this lawsuit against Judge Maurer and his defense counsel, Lynne Dickison.[1] In order to state a valid claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

Even assuming defendant Dickison was employed as a public defender while representing plaintiff, plaintiff cannot state a claim against her because she was not acting under color of state law. Polk County v. Dodson, 454 U.S. 312, 326 (1981) (A public defender "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" does not act under color of state law).

Plaintiff is also unable to state a valid claim for relief against Judge Maurer because judges are absolutely immune from suit arising out of judicial acts performed in their judicial capacity. Mireless v. Waco, 502 U.S. 9, 11 (1991). Accordingly, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. Because plaintiff cannot cure the

---

[1] Although plaintiff names the Multnomah County Detention Center as a defendant in the caption of his Complaint, he does not raise any claims against it, and does not identify it as a party to the lawsuit in the "Parties" section of the Complaint.

deficiencies in his Complaint through amendment, the dismissal is with prejudice.

///

///

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Because plaintiff cannot cure the deficiencies in his Complaint through amendment, the dismissal is with prejudice.

IT IS SO ORDERED.

DATED this  20   day of January, 2006.

                              /s/Michael W. Mosman
                              Michael W. Mosman
                              United States District Judge